# CARMEN GONZALEZ

*v.*

# SAN JUAN LIGHT & TRANSIT COMPANY.

---

### San Juan, Law, No. 662.

1. Whether a street car was in motion while a plaintiff attempted to alight is a question of fact for the jury.
2. A person injured through the negligence of a street car company, by the starting of a car before sufficient time has been given to the passenger to alight, is entitled to recover damages for the injury.
3. In personal injury cases where no malice is shown on the part of the defendant, only compensatory damages can be recovered.
4. Such cases can be decided upon a preponderance of the evidence.
5. A person who negligently tries to alight from a street car while it is in motion, and before it has come to a full stop, is guilty of contributory negligence, and cannot recover therefor.

Case tried November 30, 1909.

---

*Messrs. Henry L. Lyons, M. Olmedo,* and *Hartzell & Rodriguez,* for the plaintiff.

*Mr. Henry F. Hord,* for the defendant.

The facts of the case sufficiently appear from the instructions, which RODEY, Judge, gave to the jury, as follows:

Now that counsel have argued the case in the hearing of both you and myself, it becomes our duty, for me first to in-

struct you, and then yourselves to find the fact, and apply the law to it as I shall decide it for you. As both counsel have stated to you, what they may individually believe in the case must not have any effect upon you. Counsel's duty is to present new view points from which the evidence can be looked at, and, be it said to their credit, they all do that, and enable jurors to look at it from different points. But what counsel individually believe cuts no figure in the case, and you are to take your own recollection of the testimony. Their arguments may influence you. They are entitled to that.

Now, in reference to this case, you have a plain duty to perform, and you must be careful in fulfilling it not to let any sympathy you may have for this young lady affect you, nor, on the other hand, permit your idea of rectitude to make you stand up so straight as to deprive her of any rights she has in the case.

The burden is upon her side of the case, by a preponderance of the evidence, to show that she is entitled to recover here, and, until she has done that, she cannot recover. No defendant's money can be taken by any jury, and given to a plaintiff, unless the law authorizes it, and the law in this case says that the defendant company must have been guilty of negligence, before you can find a verdict in her favor, and the duty is upon the plaintiff to show that by a preponderance of the evidence.

The plaintiff sues for the sum of $15,000, and that is a limit beyond which you cannot go in your verdict. It does not mean that you must necessarily give that much, or any sum at all, to the plaintiff, unless she is entitled to it, but it is put in the complaint, and is a limit beyond which you cannot go in your verdict, in case you find in favor of the plaintiff.

The measure of damages in this case is the injury done to

Gonzalez v. San Juan Light & T. Co.

the plaintiff, the physical suffering and the mental suffering that she has endured, and the deprivation of the capacity to earn a living,—all of which you may take into consideration. That is the law. In other words, it is compensatory only, because there is no evidence to show that you are to give any punitive damages or "smart money," there being no malice.

Now as to a preponderance of the evidence, I have many times explained to you during this term of court. It does not mean that you must believe the side that has the most witnesses or the most papers or exhibits in the case, but it means the side that you, as practical and sensible men, after taking all the surrounding facts and circumstances into consideration, believe has truth and justice with it. That is a preponderance of the evidence. In civil cases, as I have often explained to you, you can decide the whole case, or any point in it, on a preponderance of the evidence, and not as in a criminal case, where the burden is upon the plaintiff to show beyond a reasonable doubt that something is so, or that a defendant is guilty.

As to the witnesses, you are the sole and absolute judges of the credibility to be given to any of their testimony. If you find that any witness has wilfully sworn falsely, you may discredit any portion or the whole of that witness's testimony. That is the peculiar province of a jury.

As was well pointed out to you by counsel on both sides of the case, physical facts are pretty good things to be guided by in a case, so measure them with the testimony of the witnesses, and, as reasonable and practical men, then say whether or not the plaintiff here has made out her case by a preponderance of the evidence, and if she has, do not hesitate to give her a verdict. That is your sworn duty. If she has not, with

Gonzalez v. San Juan Light & T. Co.

equal strictness, throwing sympathy to the winds, say that she has not, and return a verdict for the defendant. That is about all you have to do in this case.

I have given you instructions so many times as to your general conduct in arriving at a verdict that it is hardly necessary to repeat them here. You will, of course, select one of your number as foreman, and I will give you two forms of verdict, one reading: We, the jury, find for the plaintiff, and assess her damages at the sum of blank dollars; and the other reading: We, the jury, find for the defendant.

I want to say, as counsel mention the matter, that the parties have exactly equal rights before you. The plaintiff is entitled to full credit as far as her evidence may be reasonable or she may be corroborated, and the same as to all the other witnesses, and the same as to the defendant; and the fact that one is a corporation and the other an individual must cut no figure whatsoever with you, under your oaths, as to your decision. It is your plain duty to see that they get exact justice at your hands. It is your duty, of course, if you can reconcile the evidence of all the witnesses, to do so, but I don't think the court goes beyond its line of duty in this case, in saying that it regards it utterly impossible to reconcile the testimony of all the witnesses. It seems to me that it is so in conflict that you must of necessity decide that some of the witnesses, as to part or all of their testimony, did tell outright untruths; but you must decide as to that.

The court itself desires to warn you that it has no opinion in the case one way or the other, and if it had, its opinion would be no reason why you should find one way or the other on any question of fact. The court is the judge of the law, and you

Gonzalez v. San Juan Light & T. Co.

are the absolute judges of the facts. Therefore the question is left entirely to you, as practical and sensible men, to decide whether or not the plaintiff, by a preponderance of the evidence, has made out a case here, and if she has, decide for her and give her whatever you believe she is entitled to within the amount claimed; and if she has not, with equal courage say that she has not, and return a verdict for the defendant. I don't think there is anything else I care to say to you.

After being requested in that regard, the court proceeded:

Counsel for the defendant thinks that I have not charged you on contributory negligence. It is, I think, implied in what I have said,—that is, if this plaintiff is guilty of contributory negligence, she cannot recover. Now contributory negligence is where a plaintiff himself or herself brings, or helps to bring, about the injury. It is universally held, and it is the law, that passengers on a street car take the risk of anything that happens to them while they are negligently getting off the car when it is in motion; but, on the other hand, the company is responsible for an injury that occurs through the negligent starting of a car while persons are about to alight from it. If this plaintiff did arise while the car was in motion, and attempted to alight, and was injured, you should return a verdict for the defendant. If you settle that point in her favor, she is entitled to recover under the law, and if you settle it against her, you should find for the defendant. The case is with you, gentlemen.

The verdict was for the plaintiff in the sum of $5,000.